Patterson, J.,
dissents, in part, and votes to modify the order and grant landlord’s motion to the extent of restoring the proceeding to the calendar, entering final judgment in the sum of $2,225.25 and authorizing the issuance of a warrant of eviction in the following memorandum: While I agree with the majority’s holding that, given the terms of the stipulation of settlement, the branch of landlord’s motion which sought to restore the proceeding to the calendar should have been granted inasmuch as landlord was not obligated to allege in its moving papers that the repairs were completed (see, 2160-2164 *667 Caton v Epps, NYLJ, May 6, 1998, at 31, col 4 [App Term, 2d & 11th Jud Dists]), I further believe that the branches of landlord’s motion which sought a final judgment and warrant of eviction should have been granted.
After tenant moved to vacate the default judgment, she executed a stipulation whereby she admitted that the arrears, which included the rent for August 2000, totaled $2,222.25. Tenant agreed to satisfy the arrears by making four payments, the first of which was to be made on August 9, 2000. Tenant failed to make any payments. In response to landlord’s motion seeking, inter alia, restoration, a final judgment and a warrant of eviction, tenant did not submit opposition papers or appear in court to oppose the motion. Having conceded the amount owed under the stipulation and having failed to make any payments, I believe tenant’s failure to oppose landlord’s motion was a concession that she had no defense and landlord was entitled to such relief.
Aronin, J.P., and Golia, J., concur; Patterson, J., dissents, in part, in a separate memorandum.